COLLOTON, Circuit Judge,
dissenting.
The question presented on this appeal is whether the State of Arkansas deprived Union Pacific Railroad Company of property without due process of law when the Commissioner of State Lands forfeited and sold mineral rights owned by Union Pacific. Because the Commissioner gave notice that was reasonably calculated to apprise Union Pacific of a tax delinquency on the property, an impending forfeiture of the property to the State, and a forthcoming sale of the mineral rights, there was no violation of the Due Process Clause of the Fourteenth Amendment. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
This case involves mineral rights in certain parcels of land in Van Burén County, Arkansas. Under Arkansas law, “[w]hen severed mineral interests are forfeited to the state and conveyed by certification to the Commissioner of State Lands for nonpayment of property taxes, title to the severed mineral interests shall vest in the State of Arkansas in the care of the Commissioner of State Lands.” Ark.Code Ann. § 26-37-314(a)(l). The Commissioner is then required by statute to “notify the owner of record by certified mail at his or her last known address.” Id. § 26-37-314(a)(2). After a redemption period, the Commissioner is directed to sell the mineral rights to the surface owners if they opt to purchase them. Id. § 26-37-314(b)(l).
Union Pacific, by virtue of a merger with Missouri Pacific Railroad Company, owned mineral rights in parcels of land in Van Burén County. It is undisputed that Union Pacific failed to pay delinquent taxes on the property, and that the Commissioner sent two notices of forfeiture and forthcoming sale of mineral rights to Missouri Pacific at the address last recorded with the Van Burén County Collector. Under Arkansas law, Union Pacific had an obligation to furnish its correct address to the county collector of taxes, Ark.Code Ann. § 26-35-705, but it failed to do so. As a result, the Commissioner mailed the notices to a former address of Missouri Pacific. The notices were returned with markings that the letters were not deliverable as addressed, and that the postmaster was unable to forward them. The Commissioner later sold the mineral rights to the surface owners, Linn Farms and Timber Limited Partnership.
Relying on Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), the court reasons that the Due Process Clause required the Commissioner to take additional steps to apprise Union Pacific of the impending forfeiture after the notices were returned as undeliverable. But this conclusion overstates the narrow holding of Jones. “What steps are reasonable in response to new information depends upon what the new information reveals.” Id. at 234, 126 S.Ct. 1708. The certified letter in Jones was returned unclaimed, and the returned letter did not reveal whether the address of record was incorrect. Id. at 234, 236, 126 S.Ct. 1708. It was as though the Commissioner had simply “watched as the departing postman accidentally dropped the letters down a storm drain.” Id. at 229, 126 S.Ct. 1708. Under those circumstances, the Court held that the State was required to take another step, such as to send the notice again by regular mail or to post notice on the front *364 door of the property. Id. at 285, 126 S.Ct. 1708.
Here, the Commissioner knew that the postmaster had attempted to deliver the letters, but that the address was incorrect, and that the letters could not be forwarded. At that point, Jones demonstrates, the Due Process Clause did not require “[a]n open-ended search for a new address— especially when the State obligates the taxpayer to keep his address updated with the tax collector.” Id. at 236, 126 S.Ct. 1708. This is so even when a new address could be located through such simple means as looking in the phone book or examining readily available government tax records. Id. at 235-36, 126 S.Ct. 1708. The Court distinguished between an “open-ended search” for a new, correct address (not required), and a renewed effort to make delivery at an address of record that may have been correct (required). This distinction turned not on the degree of effort involved — it may be easier to look up a new address in a phone book than to travel to an address of record and post a notice on the door — but on the nature of the effort.
The court’s holding that “the next step should have been to locate a new, correct address for Missouri Pacific,” ante, at 359, is contrary to the limitation of Jones. Just as the Constitution did not require the Commissioner in Jones to undertake simple measures to find a new, correct address for the taxpayer, the Due Process Clause did not require the Commissioner here to make internal inquiry of an indefinite number of state employees at different locations, to search the agency’s electronic records, or to conduct an Internet search to locate an updated address for Missouri Pacific. Once the Commissioner determined that notice had been sent to the last known address of Missouri Pacific, that the address was incorrect, and that the letters could not be forwarded, the Commissioner had discharged his obligation under the Due Process Clause by reasonably attempting to provide actual notice. See Dusenbery v. United States, 534 U.S. 161, 169-70, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). The State’s forfeiture and subsequent sale of the mineral rights to Linn Farms thus complied with the Constitution.
For these reasons, I would reverse the judgment of the district court.